**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1.    CHRISTINE REICHERT,          ) <br>             Plaintiff,                          ) <br> v.                                       ) <br> 1.    Q.S.R. PRODUCTIONS, LLC,     ) <br>             Defendant.                      ) | Case No. CIV-17-498-W |

**COMPLAINT**

**COMES NOW** the Plaintiff and hereby pleads her claims as follows:

**PARTIES**

1. The Plaintiff is Christine Reichert, an adult resident of Cleveland County, Oklahoma.

2. The Defendant is Q.S.R. Productions, LLC, a domestic limited liability company doing business in Oklahoma County, Oklahoma.

**JURISDICTION AND VENUE**

3. Plaintiff's causes of action are for gender discrimination including creation of a sexually hostile working environment and retaliation after Plaintiff complained of discrimination, in violation of Title VII of the Civil Rights Act and Oklahoma's Anti-Discrimination Act. Jurisdiction over the federal claims are vested in this Court under 28 U.S.C. § 1331. The state law claims arise out of the same core of facts and jurisdiction over them are vested under 28 U.S.C. § 1367(c).

4. All of the actions complained of occurred in Oklahoma County, Oklahoma, and Defendant may be served in that county. Oklahoma County is a county within the United States District Court for the Western District of Oklahoma, thus venue is proper in this Court.

**STATEMENT OF FACTS**

5. Defendant employed more than fifteen (15) employees during at least twenty (20) weeks of each of the current and proceeding calendar years and is a covered employer

under Title VII. There is no minimum employee requirement to be subject to the OADA.

6. Plaintiff was employed by Defendant from around July 8, 2015 until she was terminated around December 22, 2016.

7. At the time of her termination, Plaintiff was the office manager.

8. At all times Plaintiff was qualified for her job and performed her job duties satisfactorily.

9. During Plaintiff's employment, she was subjected to a sexually hostile working environment including sexually harassing statements from Greg Anderson (CEO) on an approximate weekly basis. Such statements included but are not limited to:

    A. Being told her skirt had blown up, and that he (Mr. Anderson) thought "it was a nice view;"

    B. Being told that he (Mr. Anderson) would like to watch Plaintiff have sexual intercourse with another woman;

    C. Being told by Mr. Anderson that she (Plaintiff) was "eye candy" and was brought to a meeting for that purpose; and

    D. Being told by Mr. Anderson that a potential business partner was commenting on her "nice ass" during a meeting and that he agreed with such statements.

10. The conduct described above, Para. 9, was objectively offensive and offensive to Plaintiff, and created an abusive work environment in which Plaintiff tried to avoid contact with Mr. Anderson and dreaded coming in to work.

11. Around November 2016, Plaintiff advised Mr. Anderson that she would no longer make sales calls with him due to her discomfort with the sexual comments made about her by both Mr. Anderson and the potential business partner.

12. Thereafter, Plaintiff began to avoid Mr. Anderson, and avoid being alone with Mr. Anderson, however, Plaintiff continued to satisfactorily perform her job duties.

13. Around May 20, 2016, Mr. Anderson met with Plaintiff to advise that she was

required to work in office, daily, in order to receive full pay, and removed Plaintiff's dispatching duties.

14. When the verbally harassing statements continued, Plaintiff had a meeting with Mr. Anderson and Nick Reichert (OKC Manager and Plaintiff's husband) about July 27, 2016. During this meeting, Mr. Anderson was advised of Plaintiff's discomfort with Mr. Anderson's sexual statements and requested to cease the conduct.

15. After this meeting, Mr. Anderson continued to make statements related to Plaintiff's appearance on approximately a weekly basis.

16. Approximately one month after Plaintiff's July complaint, Mr. Anderson hired a new office employee, Olivia Perez, whom Plaintiff was required to train to perform job duties which were previously Plaintiff's.

17. In October, Ms. Perez advised Plaintiff that Mr. Anderson frequently complained about Plaintiff's work performance when Plaintiff was not present.

18. Plaintiff went to Mr. Anderson to seek feedback on the related performance issues, however, Mr. Anderson did not advise Plaintiff of any deficiencies. Plaintiff concluded this meeting by asking Mr. Anderson to treat her respectfully.

19. On December 22, 2016, Plaintiff was terminated by Mr. Anderson and Dan Enockson (coordinator).

20. The claimed reason for termination of Plaintiff was that Plaintiff didn't "love Greg [Anderson]", and that Plaintiff was not "on fire for QSR" because Mr. Anderson "*is* QSR."

21. Such reason is pretextual in that Plaintiff had performed her job duties satisfactorily, and Plaintiff had not received any negative performance feedback.

22. The true reason for Plaintiff's termination was her gender, female, and/or her protected complaints of sexual harassment.

23. On December 22, 2016, Defendant also terminated Plaintiff's husband, Steven "Nick" Reichert, previously the Oklahoma City manager, who had complained of the sexual

harassment towards Plaintiff.

24. As a direct result of the Defendant's conduct, Plaintiff has suffered, and continues to suffer, lost wages (including back, present and front pay along with the value of benefits associated with such wage) and emotional distress/dignitary harm symptoms including worry, anxiety, frustration and similar unpleasant emotions.

25. At the least, a significant factor in Plaintiff's termination was her gender and/or complaints of sexual harassment. Such factors were also motivating factors and/or a but for cause of her termination.

26. Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination on January 9, 2017. The EEOC issued Plaintiff her right to sue letter on February 1, 2017 and Plaintiff received such letter thereafter. This complaint is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter.

## COUNT I

For this count, Plaintiff incorporates all prior allegations and further alleges:

27. Gender discrimination (including subjecting an employee to sexual harassment and retaliation for the employee's complaints of sexual harassment) violates Title VII and the Oklahoma Anti-Discrimination Act.

28. Under both Title VII and the OADA, Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages).

29. Under Title VII, Plaintiff is entitled to emotional distress/dignitary harm damages.

30. Because the conduct of Defendant was willful or, at the least, in reckless disregard for Plaintiff's rights, Plaintiff is entitled to an award of punitive damages under Title VII.

31. Under the OADA, Plaintiff is automatically entitled to liquidated damages equal to her wage loss.

## **COUNT II - INVASION OF PRIVACY**

For this count, Plaintiff incorporates all prior allegations and further alleges:

32. During employment, Plaintiff exchanged private messages with her husband through his work cellular phone, including both messages and pictures of a personal and private nature.

33. At the time of Plaintiff and her husband's termination, Plaintiff and Mr. Reichert requested to Defendant, through its agent Mr. Anderson, that Defendant delete personal content from the phone. Defendant, through Mr. Anderson, refused to allow Mr. Reichert to delete the content but advised both Plaintiff and Mr. Reichert that Defendant would delete the content.

34. Approximately one week after Plaintiff's termination, Plaintiff learned Defendant had not deleted the private photos to her husband but had instead allowed such private information to be shown and or sent to other employees of Defendant, including at least Dan Enockson.

35. By providing such content to other persons, Defendant has invaded Plaintiff's privacy and gave an unwanted and offensive disclosure of private images.

36. The content of the pictures, as shared, is private and personal such that unwanted disclosure is offensive to the Plaintiff and would be offensive to any reasonable person.

37. The content of such pictures is not of public concern.

38. Due to this invasion of privacy, Plaintiff has been subjected to emotional distress including but not limited to embarrassment, anxiety, and reputational harm for which she is entitled to compensation in the form of monetary damages and equitable relief.

39. Because the conduct of Defendant was willful or, at the least, in reckless disregard for Plaintiff's rights, Plaintiff is entitled to an award of punitive damages.

## **PRAYER**

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in her favor and against Defendant as to both causes of action and grant her all compensatory damages suffered together with all damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 1st DAY OF MAY, 2017.**

            HAMMONS, GOWENS, HURST
            & ASSOCIATES

            s/ Leah M. Roper
            Mark Hammons, OBA No. 3748
            Amber L. Hurst OBA No. 21231
            Leah M. Roper, OBA No. 32107
            325 Dean A. McGee Ave.
            Oklahoma City, Oklahoma 73102
            Telephone: (405) 235-6100
            Facsimile: (405) 235-6111
            Email: leah@hammonslaw.com
            *Counsel for Plaintiff*
            JURY TRIAL DEMANDED
            ATTORNEY LIEN CLAIMED